UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

DUANE PENISTER, SHEILA PENISTER

        Plaintiff(s),


       -against-

KIRSCHENBAUM & PHILLIPS, P.C.,


        Defendant.

-------------------------------------------------------X

Case No.

**COMPLAINT**

JURY TRIAL DEMANDED

'11 CIV 5855

JUDGE KARAS

Plaintiffs Duane Penister and Sheila Penister, for his/her complaint, alleges upon personal knowledge as to himself/herself and upon information and belief as to all other matters, brings this complaint against the above-named defendant and in support thereof alleges the following:

## INTRODUCTION

1.    This is an action for damages brought by individual consumers for defendant's violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §1692, *et seq* which prohibits debt collectors from engaging in abusive, deceptive and unfair acts and practices.  This action is also brought pursuant to New York General Business Law 349 ("GBL §349") for an injunction against defendant's deceptive acts and practices.  Further this action is brought for violations of the Telephone Consumer Protection Act ("TCPA") Sec. 227., 47 USC § 227(b)(1), 47 USC § 227(a) (iii).

2.    Plaintiff seeks to recover monetary damages for Defendant's violation of the FDCPA and to have an Order or injunction issued

## PARTIES

3.    Plaintiff Duane Penister is a natural person residing in this District and is a consumer as defined by the FDCPA 15 U.S.C. §1692a(3).

4.    Plaintiff Sheila Peniser is a natural person residing in this District and is a consumer as defined by FDCPA 15 U.S.C. §1692a(3).

5.      Upon information and belief, defendant KIRSCHENBAUM & PHILLIPS, P.C. (hereinafter "Defendant") is a debt collector, as defined pursuant to 15 U.S.C. §1692(a)6.

6.      Defendant is regularly engaged in the business of collecting consumer debts alleged to be owed or due another via telephone, mail, internet, and through civil debt collection.

7.      Defendant is an active, domestic professional corporation that regularly conducts business in New York with its principle executive office address is located at 3000 Hempstead Turnpike, 4th floor, Levittown, New York 11756

8.      Defendant's principal purpose is the collection of "debt" as that term is defined by 15 U.S.C. §1692a(3).

9.      Defendant is a "debt collection agency" as that term is defined by the New York Administrative Code 20-489(a) with a debt collection agency license number 1322856 issued by the Department of Consumer Affairs.

## JURISDICTION AND VENUE

10.     Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

11.     Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendant transacts business in this district.

## FACTUAL ALLEGATIONS

12.     Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

13.     Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes and Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

14.     Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

15.     In connection with the collection of an alleged debt, Defendant engaged in abusive, deceptive ad unfair acts and practices.

16.     Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's violations, Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and fees of this action.

**COUNT I**
**VIOLATIONS OF FDCPA**

17.     Plaintiff repeats and re-alleges each and every allegation contained above.

18.     Kirschenbaum & Phillips, P.C. violated the FDCPA. Defendants' violations include, but are not limited to, the following:

19.     Kirschenbaum & Phillips, P.C. violated 15 U.S.C. §1692e(2) by falsely representing the character, amount, or legal status of any debt.

20.     Defendants violated 15 U.S.C. §1692e(4) by stating that nonpayment of any debt would result in garnishment.

21.     Kirschenbaum & Phillips, P.C. violated 15 U.S.C. §1692e(5) by threatening to take any action that could not legally be taken or that was not intended to be taken.

22.     Kirschenbaum & Phillips, P.C. violated 15 U.S.C. §1692e(8) by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

23.     Kirschenbaum & Phillips, P.C. violated 15 U.S.C. §1692e(10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

24.     Kirschenbaum & Phillips, P.C. violated 15 U.S.C. §1692e(11) by failing to warn that it was a debt collector.

25.     Kirschenbaum & Phillips, P.C. violated 15 U.S.C. §1692f(1) by the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

26.     Kirschenbaum & Phillips, P.C. violated 15 U.S.C. §1692g(b) by not ceasing collection efforts until the debt was validated.

27.     That as a result of Defendant's actions Plaintiffs did suffer anxiety, distress, annoyance, harassment, abuse and oppression.

28.     WHEREFORE, Plaintiff demands judgment for damages against Kirschenbaum & Phillips, P.C. for actual or statutory damages, and punitive damages, fees and costs of this action, pursuant to 15 U.S.C. §1692k.

## COUNT II
## VIOLATION OF TELEPHONE CONSUMER
## PROTECTION ACT (TCPA), 47 U.S.C. §227

29.     Paragraphs 1 through 29 are realleged as though fully re-stated herein.

30.     Kirschenbaum & Phillips, P.C. willfully or knowingly violated the TCPA. Defendants' violations include, but are not limited to, the following:

(a) Kirschenbaum & Phillips, P.C. willfully or knowingly violated 47 U.S.C. §227(b)(1)(B) by initiating telephone calls to Plaintiff's residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of Plaintiff.
(b) Kirschenbaum & Phillips, P.C. willfully or knowingly violated 47 U.S.C. §227(c)(1)(F) by making or transmitting a telephone solicitation to the Plaintiff's telephone number.

31.     WHEREFORE, Plaintiff demands judgment for damages against Kirschenbaum & Phillips, P.C. for actual or statutory damages, and fees and costs of this litigation, pursuant to 47 U.S.C. §227(b)3 & (c)5.

## COUNT III
## VIOLATION OF NEW YORK GBL §349

32.     That Plaintiff re-alleges paragraphs 1 to 32 as if fully re-stated herein.

33.     That each of the deceptive and misleading acts and practices above-mentioned was committed in the conduct of business, trade or commerce or the furnishing of a service in New York State and constitutes a violation of NY GBL §349.

34.     WHEREFORE, Plaintiff prays for relief and judgment, as follows:
   a) Adjudging that Defendant violated the FDCPA;
   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in an amount to be determined at trial;
   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k; in an amount to be determined at trial;
   d) Awarding statutory and treble damages pursuant to NY GBL §349 in an amount to be determined at trial;
   e) Granting Plaintiff a preliminary injunction enjoining the defendant, Sheriffs, Marshalls, or any other person(s) from continuing collection activities including garnishments and contact with Plaintiff, subject to the ruling of this court on this complaint;
   f) Granting a temporary restraining order restraining such acts be granted pending a hearing for said preliminary injunction;

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

DUANE PENISTER, SHEILA PENISTER

                Plaintiff(s),

           -against-

KIRSCHENBAUM & PHILLIPS, P.C.,

               Defendant.

-----------------------------------------------------------X

Case No.

AFFIDAVIT

1. That Affiant is not in receipt of any document which verifies that HSBC BANK USA has standing to sue in any New York court by virtue of being duly registered as "HSBC BANK USA" or by "HSBC BANK USA".

2. That there is <u>no evidence of agency</u> (authorization to represent) ***in the court record*** and Affiant believes that KIRSCHENBAUM & PHILLIPS, P.C. is deceiving the Court as to their claim of representation of HSBC BANK USA.

3. That KIRSCHENBAUM & PHILLIPS, P.C. and specifically Annette Altman are subject to U.S.C. Title 15 § 1692 et seq as stated in ***Heintz v. Jenkins (94-367), 514 U.S. 291 (1995)*** **"the act applies to attorneys who regularly engage in consumer debt collection activity, even when that activity consists of litigation."** whether they are representing HSBC BANK USA **OR** representing themselves as junk debt buyers deceiving the Court.

4. That Affiant has, on multiple occasions requested verification of the alleged debt that KIRSCHENBAUM & PHILLIPS, P.C has alleged that Affiant owes and **received no response**.

5. That the first request for verification Affiant sent was received by KIRSCHENBAUM & PHILLIPS, P.C. on **May 20, 2011** according to USPS electronic records. <u>To date KIRSCHENBAUM & PHILLIPS, P.C. has not responded as required by the Fair Debt Collection Practices Act to continue any collection activity including litigation.</u> **Their continued pursuit of this action in court is a violation of U.S.C. Title 15 § 1692(g).**

6. That failure of HSBC BANK USA, KIRSCHENBAUM & PHILLIPS, P.C. and specifically Ms. Lamore to verify or even attempt to verify the alleged debt at

issue and continue collection actions specifically in court is a **BLATANT** violation of U.S.C. Title 15 § 1692(g) and their actions are unconscionable and a violation of Annette Altman's oath as an officer of the court.

7. That an attorney cannot testify to any matters before the Court unless sworn and if so, would then become a witness and therefore may not represent the Plaintiff. An attorney may only present evidence as counsel for a party to an action before the Court unless sworn as a witness and subject to cross examination.

8. That it is against Federal Law for a bank to loan credit and Affiant did not borrow any money from KIRSCHENBAUM & PHILLIPS, P.C. and there is NO evidence to the contrary.

9. That Affiant is not in possession of any evidence that KIRSCHENBAUM & PHILLIPS, P.C. and specifically Ms. Lamore have delegation of authority to represent HSBC BANK USA in any action against Affiant.

10. That Affiant is not in possession of any document with any signature that verifies that Affiant has a contract with KIRSCHENBAUM & PHILLIPS, P.C..

11. That Affiant is not in receipt of any document or general ledger accounting which verifies that Affiant owes HSBC BANK USA or KIRSCHENBAUM & PHILLIPS, P.C. any money.

12. That Affiant is not in receipt of any document which verifies that HSBC BANK USA authorized this action or is even aware of it.

13. That as a result of the harassment and litigation by KIRSCHENBAUM & PHILLIPS, P.C. and specifically, Ms. Lamore, Affiant has been damaged financially, socially, and emotionally.

Further affiant sayeth naught,

By: _Duane Penister_                                      Date: _8/19/11_

Duane Penister

### **Acknowledgement**

State of _New York_
County of _Rockland_

Subscribed and sworn to (or affirmed) before me on this _19th_ day of _August_, 2011 by _Duane Penister_, proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Signature _Shelley R. Eaddy_ (Seal)

SHELLEY R. EADDY
Notary Public, State of New York
No. 01EA6136046
Qualified in Rockland County
Commission Expires October 31, 20 __

d) Awarding Plaintiff reasonable fees ands costs incurred in
this action;
e) Awarding Plaintiff any pre-judgment and post-judgment interest as
may be allowed under the law;
f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY
**Plaintiff is entitled to and hereby demands a trial by jury.**

Respectfully submitted,

CERTIFICATE OF SERVICE
I certify that on 8/22 , 2011, I electronically filed the foregoing document with the clerk
of the U.S. District Court, Southern District of New York, using the electronic case filing system
of the court.

EMILIA CHODO
NOTARY PUBLIC, State of New York
No. 27-4643959
Qualified in Orange County
Commission Expires 8-31-13

/s/ Duane Penister

EMILIA CHODO
NOTARY PUBLIC, State of New York
No. 27-4643959
Qualified in Orange County
Commission Expires 8-31-13

/s/ Sheila Penister

Sheila and Duane Penister
14 Eastbourne Drive
Chestnut Ridge, NY  10977
845.300.6366